IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID O. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-cv-530-TLW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff David O. White, pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c), requests judicial review of the decision of the Commissioner of the Social Security Administration denying his applications for disability benefits under Titles II and XVI of the Social Security Act ("Act"). In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before the undersigned United States Magistrate Judge. (Dkt. # 8). Any appeal of this order will be directly to the Tenth Circuit Court of Appeals.

### Issues Raised

Plaintiff's allegations of error are as follows:

1. The Administrative Law Judge ("ALJ") failed to protect plaintiff's rights to due process;
2. The ALJ failed to properly consider the medical source opinion evidence;
3. The ALJ misapplied the Medical Vocational Guides ("the Grids"); and
4. The ALJ failed to perform a proper credibility determination.

(Dkt. # 16 at 2).

### Review of Issues

Plaintiff's first allegation of error is dispositive of this case. Plaintiff argues the ALJ did not "protect [his] rights to due process," claiming he was denied a timely requested supplemental

hearing to rebut the report of consultative examiner Sri K. Reddy, M.D. (the "Report") (R. 426-433). The issue is: what does "timely requested" mean?

Plaintiff received the Report from the ALJ in a proffer letter dated June 25, 2009. (Dkt. # 16). The proffer letter offered plaintiff a supplemental hearing to rebut the Report so long as plaintiff made his request within ten (10) days of receipt of the letter. The letter did not say when "receipt" would be deemed to occur. Plaintiff requested a supplemental hearing, but he did so 15 days after the date of the ALJ's letter. Defendant argues that plaintiff's right to due process was not violated, because Fed. R. Civ. P. 6(e) states that "in the absence of contrary evidence, a document is received three days after mailing," giving plaintiff thirteen days from the date of the proffer letter to make his request. (Dkt. # 17 at 3). Because plaintiff's request was made 15 days after the date of the ALJ's letter, defendant argues it was late. If Rule 6(e) applies, then defendant is correct. However, Rule 6(e) of the Federal Rules of Civil Procedure applies only to civil litigation, and when the ALJ sent the proffer letter, this case remained in the administrative process. Further, defendant has cited no authority for the proposition that the Federal Rules of Civil Procedure apply in administrative proceedings. So, what rule does apply?

First, had the proffer letter said receipt was presumed three days after the date of the letter, absent an express policy or rule to the contrary, three days would govern. Because the letter did not include such a statement, the undersigned looks to the Social Security Administration's practice, which is well established. For example, an excerpt from the initial denial of benefits to plaintiff, dated October 11, 2007, reads:

    IF YOU DISAGREE WITH THE DECISION

    …

> You have 60 days to ask for an appeal
>
> The 60 days start the day after you get this letter.  **We assume you got this letter 5 days after the date on it** unless you show us that you did not get it within the 5-day period.

(R. 52, 57) (emphasis added).  On the Notice of Hearing from the ALJ dated December 22, 2008, a section titled "Complete the Enclosed Form" states:

> Please complete and return the enclosed acknowledgment form to let me know you received this notice.  Use the enclosed envelope to return the form to me within 5 days of the date you receive this notice.  **We assume you got this notice 5 days after the date on it** unless you show us that you did not get it within the 5-day period.

(R. 75, 79) (emphasis added).  Likewise, on the denial letter from the ALJ dated October 22, 2009, under "Time to File an Appeal," the letter states:

> To file an appeal, you must file your request for review **within 60 days** from the date you get this notice.
>
> **The Appeals Council assumes you got the notice 5 days after the date shown above** unless you show you did not get it within the 5-day period.  ….

(R. 6) (emphasis added).  Finally, on the "Notice of Appeals Council Action" form, instructing plaintiff how to timely file an appeal with the Court:

> You have 60 days to file a civil action (ask for court review).
>
> The 60 days start the day after you receive this letter.  **We assume you received this letter 5 days after the date on it** unless you show us that you did not receive it within the 5-day period.

(R. 2) (emphasis added).  The Administration's practice is clearly five (5) days.

Calculating plaintiff's response date using five (5) days for presumptive receipt means the deadline for plaintiff to submit a request for supplemental hearing was July 10, 2009, which he met.  (R. 94).  Therefore, this case is remanded with instructions to the ALJ to provide

3

plaintiff with a supplemental hearing on the Report. As this case is disposed of on the first allegation of error, the Court need not address the remaining allegations of error.

## Conclusion

The decision of the Commissioner finding plaintiff not disabled is hereby REVERSED and REMANDED as set forth herein.

SO ORDERED this 7th day of September, 2011.

T. Lane Wilson
United States Magistrate Judge